# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DARRYL D. WILLIAMS,** | * |
| Petitioner, | * |
| v. | *     Civil Action No. RWT-13-1884 |
| **TIMOTHY S. STEWARD,** | * |
| Respondent. | * |

## MEMORANDUM OPINION

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 27, 2013. ECF No. 1. For the reasons set out below, the petition must be construed as a Motion to Vacate pursuant to 28 U.S.C. § 2255, and dismissed for lack of jurisdiction. Petitioner, an inmate confined at the Federal Correctional Institution ("FCI") in Cumberland, Maryland, seeks to challenge his convictions for conspiracy, continuing criminal enterprise, and second-degree murder in the United States District Court for the District of Columbia. He asserts that he appealed his convictions, which the United States Court of Appeals for the District of Columbia Circuit affirmed on July 26, 1996. *United States v. Williams-Davis*, 90 F.3d 490 (D.C. Cir. 1996). Petitioner also notes that he filed two Motions to Vacate pursuant to 28 U.S.C. § 2255, which were denied. ECF No. 1, at p. 3. Petitioner claims that a § 2241 petition for writ of habeas corpus is the appropriate vehicle to present his challenge because (1) he is actually innocent of his convictions for drug conspiracy, continuing criminal enterprise, and second-degree murder; (2) he is actually innocent of the continuing criminal enterprise conviction because the jury was improperly instructed on the elements of the crime; and (3) he is actually and factually innocent of second-degree murder because the statute of limitations passed before an indictment was issued. ECF No. 1, at pp. 4-7.

The threshold question presented here is whether this claim is properly raised in a § 2241 petition or more properly construed under 28 U.S.C. § 2255. A writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, are separate and distinct mechanisms for obtaining post-conviction relief. Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255. It provides that a prisoner may seek relief under § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255(e).

In *Jones*, the United States Court of Appeals for the Fourth Circuit concluded that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34. Petitioner has failed to assert grounds adequate to consider his petition under the savings clause in § 2255.

Petitioner's challenge to the validity of his conviction is more appropriately considered under 28 U.S.C. § 2255 as a Motion to Vacate. As Petitioner's conviction occurred in the United States District Court for the District of Columbia, this Court has no jurisdiction to consider the matter. Petitioner is reminded that if he decides to file his motion in the United States District Court for the District of Columbia, he is required to seek permission to file a successive motion before doing so. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). A separate Order dismissing the Petition without prejudice and denying a Certificate of Appealability follows. *See Rose v. Lee*, 252 F.3d 676, 685-85 (4th Cir. 2001) ("To secure a certificate of appealability on claims that the district court denied pursuant to procedural grounds, [a petitioner] must demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'") (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

July 9, 2013  /s/
DATE  ROGER W. TITUS
UNITED STATES DISTRICT JUDGE